UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISON

| | |
|---|---|
| CHARITY SHONK, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   **Cause Number:** |
| v. | ) |
| | ) |
| UNITED STATES NATIONAL | ) |
| PARK SERVICE, | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Charity Shonk ("Plaintiff"), by and through The Bruning Law Firm, and for her Complaint against Defendant National Park Service ("Defendant"), states as follows:

## GENERAL ALLEGATIONS

1. This action seeks damages for injuries sustained by Plaintiff on July 4, 2019, while she was attending Fair St. Louis on the Gateway Arch grounds, a designated national park.

2. On that date, at approximately 10 p.m., Plaintiff was departing the Gateway Arch grounds following a fireworks show. The St. Louis City Police Department blocked off certain concrete pathways and directed fairgoers to exit the Arch grounds via a grassy area. Plaintiff exited as instructed.

3. As Plaintiff was walking, her foot became lodged beneath an unmarked concrete slab covering an electric panel in the ground. The slab was black in color and completely unmarked. No signs, barricades, fencing, or other warnings alerted fairgoers to the danger posed by the slab.

4. Plaintiff's momentum carried her forward while her foot remained lodged under the slab. As a result, Plaintiff suffered a gruesome ankle injury. Her husband immediately notified a City of St. Louis EMS worker who assessed Plaintiff's ankle and promptly requested an ambulance. At 10:20 p.m. Plaintiff's ankle was placed in a splint and she was taken via stretcher to Mercy Hospital.

5. Subsequent x-rays and evaluation revealed Plaintiff had suffered a fracture of the distal fibula and medial malleolus. Surgery was required and ultimately performed on July 5, 2019. Plaintiff's ankle injury was so severe that she required multiple cortical screws and a plate to rebuild her joint.

6. Following surgery, Plaintiff underwent physical therapy, follow-up medical treatment and an at-home exercise regimen. She continues to experience pain and numbness in her ankle.

7. Plaintiff's injury also forced her to miss a significant amount of work. Plaintiff was unable to work from July 4, 2019, through November 1, 2019, while she recovered from surgery. Even after returning to work, Plaintiff is only able to work limited hours.

8. Plaintiff's lost wages will continue to accrue because she works as a pet groomer, a job requiring her to stand most of the workday. Given her ongoing pain, Plaintiff is unable to resume a full work week, a situation affecting both her present earning capacity and future wages and benefits.

9. Plaintiff now seeks damages for her personal injury, including past and future medical expenses, past and future lost wages, and pain and suffering.

**PARTIES**

10. Plaintiff is a resident of Jefferson County, Missouri.

11. Defendant United States National Park Service is a bureau of the United States Department of the Interior. Defendant is responsible for operating and maintaining the Gateway Arch grounds because they are designated a federal national park.

## JURISDICTION AND VENUE

12. Jurisdiction in this Court is proper under 28 U.S.C. §1346(b)(1), which grants the district courts exclusive jurisdiction over any civil action against the United States for money damages for personal injury.

13. Venue in this Court is proper under 28 U.S.C. §1402(b), which provides a civil action on a tort claim against the United States brought pursuant to 28 U.S.C. §1346(b) may be brought where a plaintiff resides or "wherein the act or omission complained of occurred." 28 U.S.C. §1402(b) (2021). Here, the act or omission occurred on the Gateway Arch grounds which are located within the judicial district for the United States District Court for the Eastern District of Missouri, Eastern Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff's claim is being filed under the Federal Tort Claims Act ("FTCA"), which provides in pertinent part the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances…." 28 U.S.C. §2674 (2021).

15. 28 U.S.C. §2675 states no personal injury action shall be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months

after it's filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. §2675(a) (2021).

16. On May 11, 2020, Plaintiff submitted her Claim for Injury, Damage or Death ("Claim") to the Department of the Interior in accordance with 28 U.S.C. §2675(a). (Claim, attached as Exhibit A).

17. On December 4, 2020, Defendant acknowledged receipt of the Claim via letter. (12/4/20 Letter Albright to Bruning, attached as Exhibit B).

18. To date, Defendant has not made any final disposition of Plaintiff's Claim.

19. Accordingly, under 28 U.S.C. §2675(a), Defendant's failure to act is "deemed a final denial of the claim…." 28 U.S.C. §2675(a) (2021).

20. Plaintiff has, therefore, exhausted her administrative remedies and is free to pursue her claim before this Court.

## COUNT I - NEGLIGENCE

21. Plaintiff hereby incorporates the allegations plead in Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff was an invitee to the Gateway Arch grounds on July 4, 2019, because those premises were opened to the general public for purposes of Fair St. Louis and Plaintiff entered the grounds to attend the Fair's fireworks show.

23. Defendant, as the entity responsible for operating and maintaining the Gateway Arch grounds, had a duty to maintain those premises in a reasonably safe condition, to warn of dangerous conditions on the grounds, and to exercise a degree of care that an ordinary, careful and prudent person would use under the same or similar circumstances.

24. The concrete slab, which was dark in color, close to the ground and unmarked in any way, was a dangerous condition that presented an unreasonable risk to Gateway Arch and Fair St. Louis visitors like Plaintiff.

25. Defendant, as the entity responsible for operating and maintaining the Gateway Arch grounds, knew or in the exercise of ordinary care should have known about the risk presented by the concrete slab.

26. Defendant failed to use ordinary care to remove or warn of the danger presented by the concrete slab in at least the following ways:

   a. Failing to post warning signs alerting visitors to the slab's existence;

   b. Failing to properly light pathways despite hosting a nighttime event;

   c. Directing visitors off of concrete pathways in favor of unlighted, unpaved grass pathways;

   d. Failing to maintain the slab covering the electrical panel so that it did not pose a tripping hazard to visitors walking on the Gateway Arch grounds;

   e. Failing to barricade or otherwise identify the existence of the concrete slab; and/or

   f. Failing to remove the dangerous condition created by the concrete slab.

27. As a direct result of the dangerous condition created by the concrete slab, Plaintiff was injured as described in the preceding paragraphs. She suffered hospitalization, surgery and physical therapy, and her injury continues to negatively impact her family life and career.

28. As a direct result of the dangerous condition created by the concrete slab, Plaintiff incurred medical expenses and will incur future medical expenses. Plaintiff also lost wages due to her inability to work and will continue to lose wages because her injury prevents Plaintiff from returning to full-time employment.

WHEREFORE Plaintiff Charity Shonk prays for judgment in her favor and against Defendant United States National Park Service and for damages including medical expenses, lost wages, future medical costs, future lost income, pain and suffering, and any further relief that the Court deems just and appropriate.

Respectfully submitted,

THE BRUNING LAW FIRM, LLC

By: *[signature: Jamie L. Boyer]*

Jamie L. Boyer, #55209
Ryan L. Bruning, #62773
Anthony S. Bruning, #30906
555 Washington Ave., Suite 600A
St. Louis, MO 63101
Telephone: (314) 735-8100
Facsimile: (314) 735-8020
jamie@bruninglegal.com
ryan@bruninglegal.com
tony@bruninglegal.com
*Attorneys for Plaintiff*